(96 App. Div. 570.)

SAXTON v. SEBRING et al.

(Supreme Court, Appellate Division, Fourth Department. July 6, 1904.)

1. FRAUDULENT CONVEYANCES—VACATION—CONSPIRACY—PLEADING.
    Where, in an action by a trustee in bankruptcy to set aside an alleged fraudulent conveyance of the bankrupt's property, the complaint alleged that the bankrupt, while insolvent, with intent to hinder, delay, and defraud his creditors, conspired with the other defendants to secure, convert, and dispose of all of his property, and alleged that in pursuance thereof the property was so disposed of, complainant established a cause of action thereunder by proof that any two of the defendants acted in concert in the fraudulent scheme, though he was unable to prove that all of the defendants were parties to the conspiracy.

2. SAME.
    In a civil action an allegation of conspiracy is supported by proof of a mere illegal agreement to act.

3. SAME—PROOF—CIRCUMSTANTIAL EVIDENCE.

In an action to set aside an alleged fraudulent conveyance entered into by virtue of a conspiracy between defendants, direct proof of such conspiracy is not required.

4. SAME.

Where it was alleged that a bankrupt fraudulently transferred his property by virtue of a conspiracy entered into between him and the defendants, evidence that the transfer was conceived and executed through fraud, and that defendants other than the bankrupt acquired some of the property, and claimed title thereto, was sufficient to establish a cause of action against such defendants.

5. SAME—TRANSFERS BETWEEN HUSBAND AND WIFE.

Where a husband, while insolvent, transferred property to his wife for an inadequate consideration, and the transfer was not followed by a change of possession, and he shortly thereafter became a bankrupt, without having engaged in any business after such transfer, the conveyance was fraudulent as against his creditors.

6. SAME—EVIDENCE—BANKRUPTCY SCHEDULES.

In an action by a debtor's trustee in bankruptcy to set aside an alleged fraudulent conveyance, the debtor's bankruptcy schedules showing his insolvency shortly after the transfer were sufficient to authorize a finding of insolvency at the date of the execution of the conveyance, as against grantees who were not bona fide purchasers for value; the grantor not having been engaged in any business between the date of the conveyance and the execution of the schedules.

McLennan, P. J., dissenting.

Appeal from Special Term, Steuben County.

Action by Frank J. Saxton, as trustee in bankruptcy of Joseph Bastian, against James O. Sebring and others. From a judgment dismissing the complaint on the merits, plaintiff appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Francis E. Wood, for appellant.

James O. Sebring, for respondents

STOVER, J. This action is brought to have certain transfers of personal property declared void by reason of having been fraudulently made. The defendant Joseph Bastian was adjudicated a bankrupt on July 21, 1902. For a year or two prior to the 22d of May of the same year, he had been engaged in conducting a hotel at Corning, N. Y., and had no other business. On May 22, 1902, he executed a bill of sale of all the furniture, stock, fixtures, and all other property in or about the hotel to his wife, the defendant Lizzie Bastian, and at the same time transferred to her the lease of the hotel. The bill of sale recites as consideration "$1 and other good and valuable considerations." From the 22d of May to the date of the adjudication of bankruptcy, Joseph Bastian was not engaged in any business. The evidence of Joseph Bastian is that he at the time of the transfer owed his wife $675. Both Bastian and his wife testify that no money was paid at the time of the transfer, and the only statement as to an agreement as to consideration is made by Bastian, who says that his wife wished to be protected, and he said that was all right; he would transfer to her. Bastian testifies that he thought the property was worth $3,500. He continued in possession of the hotel after the transfer,

and ran the business just as he had before. No inventory was made at the time of the transfer, and, a few days after, a portion of the liquors and other property was removed by Bastian and some of the other defendants.

The trial court dismissed the complaint. It is argued upon this appeal, as it doubtless was before the trial court, that, as the complaint alleged a conspiracy upon the part of all the defendants, it must be proven that there was a prior agreement between all of the defendants to do the acts alleged to be fraudulent, and that the acts done were in pursuance of the prior agreement, in order to sustain the cause of action set forth by the complaint. The trial court seems to have adopted this view. This theory ignores some very pertinent allegations of the complaint. It is true, the complaint alleges a conspiracy; but it also alleges that the defendant Bastian, being insolvent, with the intent and purpose to hinder, delay, and defraud his creditors, conspired with the other defendants to secure, convert, and dispose of all the property of said Bastian, and further alleges that in pursuance thereof the property was disposed of. Under this complaint the plaintiff might not be able to prove that all of the defendants agreed to the scheme, nor was it necessary to do so in order to sustain his cause of action. If he succeeded in showing that any two of the defendants acted in concert in a fraudulent scheme, he has made out a case. In a civil action an allegation of conspiracy may be no more than an allegation of an illegal agreement to act, nor is it necessary that the agreement need be proven by direct testimony; but, as every one is presumed to intend the consequence of his acts, so, if an illegal act is committed, which needs the concurrence of two persons, it may be presumed that they intended to do the act, and, when it must be done in concert to be effective, it may be said to be proven to have been so done in pursuance of an agreement, when the act itself is proven. The object of this action is to set aside the transfer, and, it being once established that this transfer was conceived and executed in fraud, and that the defendants other than Bastian acquired some of these goods, and claim title thereto, they are proper defendants, and a cause of action is made out against all. It may or may not be necessary to show that the defendants other than Bastian were privy to the initial fraud, but if the bill of sale was fraudulent, and the other defendants acquired a portion of the property, acting collusively with Bastian, intending to defraud his creditors, they are sufficiently connected to make them proper parties. In a creditors' action, every person who has dishonestly obtained the possession of property fraudulently transferred may be made a party, although each alleged purchaser may have acted independently of his codefendants. And by this it is not meant to suggest that there is not evidence to connect the defendants other than Bastian with the original transfer, but it is only intended to point out that it was not proper to dismiss the complaint, even if these defendants had been free from the original participation. It needs no extended argument to show the transfer from Bastian to his wife to have been fraudulent. It was upon inadequate consideration, not followed by change of possession, and bears the usual marks of fraudulent transfers from husband to wife. Its certain, absolute result was to deprive the creditors of Bastian of any means of

collecting their debt. The wife, upon the witness stand, neither gave nor undertook to give an explanation of the transaction, and so it stands almost confessed. Fraud can seldom be proved by direct evidence, but must be established by circumstances. Transactions between husband and wife, as against creditors, must be scrutinized with care; and, when a prima facie case of fraud is made, it is incumbent upon the parties to explain their acts, and, failing to do so, they must take the consequences.

Some statement is made that there was a failure to show insolvency. It can hardly be said that a state of facts which clearly establish that a man who engaged in no business, and who does not appear even to have had any business relations or transactions between the 22d day of May and the 21st day of July, and who on the later date filed a schedule of liabilities showing his insolvency and bankruptcy, do not fairly show that he was insolvent on the prior date, namely, May 22d. But it is said that the schedules are not proof as against the other defendants in the action. While this is undoubtedly generally true, yet the adjudication in bankruptcy is binding upon the parties; and an adjudication that he was insolvent upon such a date is, so far as he is concerned, a proof of insolvency upon the prior date, and, except as to parties who were bona fide purchasers, sufficient to warrant a finding to that effect.

We think a prima facie cause of action in favor of the trustee under the bankruptcy law was established, and that the trial court erred in dismissing the complaint, as matter of law.

It is not necessary to discuss the effect of the testimony in other respects, as the plaintiff should have the opportunity to have the evidence passed upon in a correct view of the acts of Bastian and his wife, and to have the acts of the other defendants judged accordingly. The judgment should be reversed.

Judgment reversed and new trial ordered, with costs to the appellant to abide event. All concur, except McLENNAN, P. J., who dissents on the ground that the cause of action set forth in the complaint is for a conspiracy, and the evidence wholly fails to establish such cause of action. Even if, under the allegations of the plaintiff, it could be regarded as a creditors' action, so called, he thinks that the plaintiff failed to prove the facts necessary to entitle him to recover, and that therefore the complaint was properly dismissed by the learned trial court.